*December,* 1824. Thomas L. Hallett, Wm. Raser and al. *against* James P. Allaire.

*1, Plaintiffs in Error, after joinder, cannot dismiss their writ. 2, In action vs. several on a joint contract, plaintiff may confess the matter plead separately by one in bar as to him, enter nol. pros. as to him, and proceed to judgment vs. the others.*

JUDGE *Minor* delivered the opinion of the Court.

This case was submitted without argument. First, on the plaintiff's motion to dismiss their writ of Error, because the parties are not the same as to the judgment below ; and if the motion should be overruled, on the Errors assigned.

The case has been regularly called for trial. If the plaintiffs could now dismiss their own writ, they might, by successive writs of Error and supersedeas, delay execution on the judgment until the writ of Error should be barred by the Statute of limitations. The motion to dismiss must be overruled.

This was an action of assumpsit by *Allaire* against the plaintiffs in Error and *John B. Hogan.* The declaration charges a joint contract of the four plaintiffs in Error, and *Hogan* with *Allaire.* The plaintiffs in Error jointly plead non assumpsit. *Hogan* filed his separate pleas, denying that he executed the note on which the action was founded.

After the case was put to the Jury, the plaintiff, setting out
that he cannot deny the matters plead by *Hogan*, entered a
*nolle prosequi* as to him ; a verdict and judgment were ren- Thomas L. Hal-
dered against the other four defendants, the present plaintiffs lett and al.
in Error.   The only  assignment of Errors  now necessary James P. Allaire.
to be noticed is that the cause was discontinued.

In an action *ex contractu* against several, a joint contract
must be proved ; and it has been held that if it appear either
by the verdict, or  the  plaintiff's admissions on  the Record,
that the contract declared on is not the contract of any one
of the defendants, the  plaintiff cannot have  judgment, in-
asmuch as a different contract from that which was declar-
ed on is shewn by the Record.   These decisions appear to
have been made under laws as to joint contracts materially
different from those which prevail here.   In actions of
trespass it seems always to have  been held that  the plain-
tiff may enter a nol. pros. as to one, or that there may be a
verdict against one of several defendants ; and yet the plain-
tiff may  have judgment  against the  rest, trespass  being in
its nature several, though committed jointly.

By our Statute  every  joint bond, promissory  note,  &c.
shall be deemed to have  the same effect as  if joint and se-
veral and process may be sued out, and judgment had against
all or any one *or more* of the obligors, promissors, &c.   The
Record here shews that  the note sued on was not the  note
of the five defendants originally charged by the declaration ;
but it shews as clearly that it was the note of four of them.
Its legal effect  as to these four must, it seems, be precisely
the same whether they be charged in this or in a subsequent
action.   Why should the plaintiff be turned  round to com-
mence anew a joint  action against  these four, and recover
the same judgment which has  been rendered in this ?   Our
Statute, as referred to, seems to me on the question now pre-
sented to place joint defendants to actions on contract on the
same footing with joint defendants to actions of trespass.

It is the unanimous opinion of the  Court that  the entry
of *nol pros.* as  to *Hogan* did not  operate as  a disconti-
tinuance  of the  action as to  the  other four  defendants ;
and  that  the  judgment must be  affirmed.   1 Saund. R.
207,  n. 2.   1 Tidd's Pr. 595.   1  Wilson, 90.   5 John. R.
159.   2 Sellon Pr. 337.   Laws Ala. 448.

*Rust* for plaintiffs.   *Acre* for defendant in Error.